UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:24-cv-22920

KEREN CORDERO,
     Plaintiff,

vs.


ALEJANDRO N. MAYORKAS,
SECRETARY U.S. DEPARTMENT OF
HOMELAND SECURITY, UNITED STATES
COAST GUARD,
         Defendant.

_____/

## COMPLAINT
### (Jury Demand)

This is an action for legal and equitable relief to redress sexual harassment and unlawful

retaliation by defendant the U.S. Department of Homeland Security, U.S. Coast Guard

("USCG") against plaintiff Keren Cordero ("Cordero").  This action is brought in accordance to

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").


## I. JURISDICTION AND VENUE

1.  This Court has original jurisdiction over this action according to 42 U.S.C. § 2000e-

5(f) and 28 U.S.C. § 1345.

2.  Venue is proper in this judicial district under 42 U.S.C. § 2000e-S(f)(3) and 28 U.S.C.

§ 1391(e)(1) because the instant complaint originally fell under the jurisdiction of the Equal

Employment Opportunity ("EEOC") in Miami, Florida.

## II. PARTIES

3.  At all times relevant, Cordero was a former employee of the USCG's Office of Morale, Welfare and Recreation ("MWR") at the USCG Air Station Borinquen ("Air Station").

4.  The USCG's responding management officials ("RMOs") involved in this complaint are:

a.  Mary Valle ("Valle"), Cordero's first line supervisor and MWR Guest Housing Manager, NF-03.

b.  Richard Pierce ("Pierce"), Cordero's second line supervisor and MWR Operations Chief, GS-11.

c.  Paul Calain ("Calain"), MWR Director, GS-12.

## III. PROCEDURAL BACKGROUND

5.  On June 29, 2022, initiated a informal complaint against the USCG based on sexual harassment and retaliation based on prior EEO protected activity.

6.  On September 2, 2022, Cordero formalized her complaint against the USCG. On September 7, 2022, the USCG acknowledged Cordero's formal complaint and assigned case no.  HS-USCG-02362-2022.

7.  On March 22, 2023, Cordero requested a hearing with the EEOC.

8.  On March 29, 2023, the USCG issued a Final Agency Decision ("FAD").

9.  At no time prior to March 29, 2023, the Agency provided a Report of Investigation ("ROI") to Cordero. Id.

10. Cordero's request for the ROI were ignored.

11. On April 29, 2023, Cordero appealed the FAD.

12. On May 2, 2024, the EEOC dismissed the appeal and closed the administrative case.

13. All prerequisites to the filing of this suit have been met and complied with.

## IV. FACTS

### *The USCG Air Station Borinquen*

14. U.S. Coast Guard Air Station Borinquen ("Air Station") is located at Rafael Hernandez Airport, 260 Guard Road in Aguadilla, Puerto Rico.

15. The primary mission of the Air Station is search and rescue.

16. In addition to MWR, the Air Station houses other departments such as, Personnel and Administrative Division, Housing, Safety, Security, Aviation Engineering, Facilities Engineering and Medical.

17. The Commanding Officer of Air Station Borinquen is Captain Lawrence Gaillard.

### *Sexual Harassment and Hostile Work Environment by Pierce and Valle*

18. Cordero began employment with the USCG in 2018.

19. In November 2021, Cordero was transferred to the position of Desk Clerk, Nonappropriated Funds (NF) - 02, at the MWR's Guest Housing Division.

20. Cordero's duties included making reservations for several guest houses available for rental at the Air Station.

21. After she was hired, Valle informed Cordero that she would have to work on weekends and holidays, something that was not previously stipulated in the original vacancy announcement of the position.

22. In April 2022, Pierce made an unrequested invitation to Cordero offering to teach her how to ride motorcycle.

23. When, Cordero declined the invitation, Pierce stated that the offer "still stand".

24. Consequently, Pierce began showing up at the office during the weekends when Cordero was working alone.

25. During his appearances, Pierce would stand behind Cordero pretending that he was looking at her work. He would also comment that Cordero was "cute" and that he liked her earrings.

26. Pierce would also question Cordero about her work and made rules on the fly that only applied to her. For example, Pierce had Cordero sign a document that stated that she must report to work six minutes earlier than the time she had to be at work.

27. During Cordero's tenure at MWR, Valle made constant comments about her personal dating choices and her weight.

28. Valle also constantly commented that Cordero could be removed at any time because she was in the "probation" period.

29. Sometime at the beginning of June 2022, Cordero told Chief Warrant Officer Gamaliel Negron ("CWO Negron") about Pierce's harassing conduct towards her and the hostile working environment she faced at the MWR Office.

30. CWO Negron reported the issue to Calain.

31. Calain took no action.

32. On June 13, 2022, Cordero received her yearly evaluation from Valle.

33. Cordero indicated to Valle that most of the bullets in her evaluation were not accurate.

34. Valle refused to discuss the evaluation.

35. On June 14, 2022, Cordero sent an email to Pierce and Calain requesting a meeting to discuss her evaluation. Pierce replied stating that he agreed with the evaluation.

36. On June 14, 2022, Cordero filed a complaint for workplace harassment against Valle and Pierce. Cordero also appealed her yearly evaluation.

37. On June 16, 2022, Valle delivered a letter of removal to Cordero. In the letter, Valle claimed that Cordero was removed for failure to qualify during the probationary time, failure to follow instructions and attendance compliance.

## COUNT I
## SEXUAL HARASSMENT

38.  Cordero re-alleges and incorporates here paragraphs 1 to 39.

39. Cordero was a female employee protected under Title VII.

40. Cordero was well qualified for her position.

41. Defendant, USCG, is a federal employer, covered entity under Title VII.

42. During the time at issue, Valle was Cordero's supervisor and in a position of power over Cordero.

43. During the time at issue, Pierce was Cordero's supervisor and in a position of power over Cordero.

44. As described herein, beginning in November 2021 through June 16, 2022, Cordero was subjected to unwelcomed pervasive sexual harassment by Pierce based upon Cordero's female gender/sex.

45. Additionally, Cordero was subjected to unrequested and unwelcome comments about her weight and dating choices by Valle based upon Cordero's female gender/sex.

46. As a result, Plaintiff was subjected to a sexually hostile and abusive work environment created by Pierce, Valle and facilitated by Calain, that was severe and pervasive and unreasonably interfered with Cordero's employment.

47. The USCG ratified, confirmed, and affirmed Pierce, Valle and Calain's unlawful behavior by not investigating Cordero's complaint and by subjecting her to disparate disciplinary treatment based on her gender/sex.

48. Defendant's unlawful conduct as described above was done with malice and/or reckless disregard of and/or deliberate indifference to Cordero's federally protected rights.

49. Defendant's conduct as described above caused and is still causing Cordero emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

50. Cordero has been further damaged in that she has lost income, both past and future; and benefits she had through her employment.

**COUNT II**
**RETALIATION FOR PRIOR EEO ACTIVITY**

51. Cordero re-alleges and incorporates here paragraphs 1 to 39.

52.  Cordero engaged in a protected activity when she filed a discrimination complaint against the USCG on June 15, 2022.

53. In retaliation for filing a discrimination complaint against her and Pierce, on June 16, 2022, Valle terminated Cordero's employment.

54. There was a causal connection between Cordero's complaint and the materially adverse actions taken against her by the USCG.

55. The actions taken by the USCG would dissuade a reasonable employee from making or pursue a complaint of discrimination.

**PRAYER FOR RELIEF**

WHEREFORE, Cordero prays that the Court grants her the following relief:

(a) order the USCG to restore Cordero to her previous position;

(b) award compensatory damages to Cordero and fully compensate her for the injuries caused by USCG's unlawful discrimination, harassment and retaliatory conduct, according to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991,42 U.S.C. § 1981 and;

(c) Award such additional relief as justice may require, together with attorney's fees and costs.

## JURY DEMAND

Cordero hereby demands a trial by jury of all issues so triable.

Submitted on July 31, 2024 by:

/s/ Joey D. Gonzalez
Joey D. Gonzalez
Fla. Bar #: 127554
JOEY GONZALEZ, ATTORNEY, P.A.
P.O. Box 145073
Coral Gables, FL 33114-5073
305-720-3114[tel]
joey@joeygonzalezlaw.com
Attorney for Keren Cordero